IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 26–9–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| DUSTIN LOY HUNT, | |
| Defendant. | |

On June 3, 2026, Defendant Dustin Loy Hunt was charged by Superseding Indictment with abusive sexual contact, in violation of 18 U.S.C. § 2244(b). (Doc. 21.) Hunt moves to dismiss the Superseding Indictment on the ground that 18 U.S.C. § 2244(b) is unconstitutionally vague as applied to him, (Doc. 33), and moves to exclude specific evidence the government intends to offer against him at trial pursuant to Federal Rule of Evidence 404(b), (Doc. 35). As explained below, both of Hunt's motions are denied.

Hunt was originally charged by a single-count Indictment on January 28, 2026, that stated "on or about June 19, 2025 . . . within the boundaries of Glacier National Park," Hunt had "knowingly attempted to engage in sexual contact, specifically slid his hand up Jane Doe's outer thigh and under her shorts towards her buttocks, in violation of 18 U.S.C. § 2244(a)(2)." (Doc. 1.) On May 21, 2026,

1

Hunt moved to dismiss the Indictment for failure to state an offense pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B). (Doc. 19.) On June 3, 2026, a single-count Superseding Indictment charged that "on or about June 19, 2025 . . . within the boundaries of Glacier National Park," Hunt had "knowingly engaged in sexual contact with Jane Doe without her permission, in violation of 18 U.S.C. § 2244(b)." (Doc. 21.) Hunt's motion to dismiss the original Indictment was denied as moot the next day.[1] (Doc. 26.) On June 15, 2026, the government provided notice of its intent to offer certain evidence against Hunt at trial pursuant to Rule 404(b). (Doc. 32.) On June 24, 2026, Hunt filed his motion to dismiss the Superseding Indictment on constitutional grounds. (Doc. 33.) The next day, Hunt filed his motion to exclude the evidence outlined in the government's 404(b) notice. (Doc. 35.) The government opposes both motions. (Docs. 39, 40.)

ANALYSIS

## I.    Motion to Dismiss the Indictment

"[A]n indictment sought under a statute that is unconstitutional on its face or as applied will . . . be dismissed." *United States v. Mayer*, 503 F.3d 740, 747 (9th Cir. 2007). Here, the sole count in the Superseding Indictment charges that Hunt "knowingly engaged in sexual contact with Jane Doe without her permission, in

---

[1] Both parties agreed that the Superseding Indictment mooted Hunt's pending motion to dismiss. (Docs. 24, 25.)

violation of 18 U.S.C. § 2244(b)." (Doc. 21.) Hunt argues that § 2244(b) is

unconstitutionally vague as applied to him. Section 2244(b), states that

> Whoever, in the special maritime and territorial jurisdiction of the
> United States . . . , knowingly engages in sexual contact with another
> person without that other person's permission shall be fined under this
> title, imprisoned not more than two years, or both.

"Sexual contact" is defined as

> the intentional touching, either directly or through the clothing, of the
> genitalia, anus, groin, breast, inner thigh, or buttocks of any person with
> an intent to abuse, humiliate, harass, degrade, or arouse or gratify the
> sexual desire of any person[.]

18 U.S.C. § 2246(3).

"It is a basic principle of due process that an enactment is void for

vagueness if its prohibitions are not clearly defined." *Grayned v. City of*

*Rockford*, 408 U.S. 104, 108 (1972). "A criminal law is unconstitutionally

vague if it fails to 'define the criminal offense with sufficient definiteness

that ordinary people can understand what conduct is prohibited and in a

manner that does not encourage arbitrary and discriminatory enforcement.'"

*United States v. Lemus*, 93 F.4th 1255, 1261 (9th Cir. 2024) (quoting

*Beckles v. United States*, 580 U.S. 256, 262 (2017)). "In an as-applied

challenge, a statute is unconstitutionally vague if it fails to put a defendant

on notice that his conduct was criminal." *United States v. Harris*, 705 F.3d

929, 932 (9th Cir. 2013) (internal quotation marks omitted). "It is well

established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550 (1975); *United States v. Bychak*, 2021 WL 734371, at *9 (S.D. Cal. Feb. 25, 2021) ("[T]he U.S. Supreme Court has made clear that an as-applied to the facts challenge is entertained after trial unless First Amendment concerns are raised."). "An implicit requirement" of such factual examination "is that it must be clear what the defendant did." *United States v. Ford*, 2016 WL 4443171, at *14 (D. Or. Aug. 22, 2016).

Here, Hunt argues that because "buttocks" is undefined by the statute and because it is plural (distinguishing between a single buttock versus the buttocks together), 18 U.S.C. § 2244(b) is unconstitutionally vague as applied to him, and if it is "left to stand at trial[,]" the jury would be required "to distinguish whether Congress' use of 'buttocks' was an inadvertent plural and [if] any touching in the 'buttock' area constitutes 'sexual contact' as defined by statute." (Doc. 34 at 7.) In response, the government argues that Hunt's challenge is "premature" because "[t]he facts of the case have not been established." (Doc. 39 at 2.) Alternatively, the government argues that 18 U.S.C. § 2244(b) as applied to the facts here is sufficient to have put Hunt on notice that his charged conduct was prohibited, (*id.* at 3–4), and because the "plain meaning of the statute" does not lead to "absurd

4

results," that meaning must controls, (*id.* at 5–6). Because the government is correct that Hunt's challenge is premature, his motion is denied on that ground as explained below.

Because Hunt's charged violation does not implicate his First Amendment rights, his as-applied challenge to 18 U.S.C. § 2244(b) must be examined "in light of the facts of the case at hand." *Mazurie*, 419 U.S. at 550. Thus, Hunt's challenge "turns on whether the statute provided adequate notice to him that his particular conduct was proscribed." *Harris*, 705 F.3d at 932. However, at this stage, "it is impossible to determine whether the statute provided sufficient notice that it prohibited the . . . conduct in which [Hunt] actually[] engaged[,]" which renders his challenge "premature." *United States v. Reyes*, 2007 WL 831808, at *8 n.1 (N.D. Cal. Mar. 16, 2007); *Ford*, 2016 WL 4443171, at *14 ("[A defendant] must wait to bring an as-applied vagueness challenge until the facts have been established by evidence introduced [at] trial and the fact-finder has had an opportunity to weight in."); *Bychak*, 2021 WL 734371, at *8 (concluding "that the void for vagueness challenge is premature in that it is not a facial challenge of the . . . statute, it does not implicate the First Amendment, and, it is a challenge 'as-applied to the facts' that must await trial").

5

Accordingly, Hunt's void-for-vagueness as-applied challenge is denied as premature. He may renew his challenge following the presentation of evidence at trial.

## II.   Motion to Exclude Evidence

Pre-trial motions to exclude evidence do not "resolve factual disputes or weigh evidence" but rather focus on whether the evidence at issue is "inadmissible on all potential grounds." *United States v. Meech*, 487 F. Supp. 3d 946, 952 (D. Mont. 2020) (internal quotation marks omitted). A ruling on such motions is "not binding" and a court "may always change [its] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

In its June 15, 2026 notice, the government states that it "intends to offer the following evidence at trial" pursuant to Federal Rule of Evidence 404(b):

- Prior instances where Hunt has touched Jane Doe's buttocks, thighs, and legs without her consent for a period of over two years prior to June 2025.
- Prior comments and text messages [that] Hunt has made about Jane Doe's butt and her appearance.
- Photos Hunt has sent Jane Doe of her from behind, comments he has made about the photos, and markings he has added to the photos.
- Any related messages or comments made by Hunt regarding his intent.

(Doc. 32 at 1–2 (together, the "Noticed Evidence").) The government "anticipates offering this evidence at trial for, among [other] reasons, motive, intent, absence of mistake[,] and *modus operandi* of" Hunt, (*id.* at 2), while reserving its "right to

6

argue that the information . . . is also inextricably intertwined with the charged conduct," (*id.* at 2 n.1).  In response, Hunt moves for exclusion of the Noticed Evidence as "propensity evidence prohibited by Rule 404(b)."  (Doc. 36 at 3.) Hunt insists that "even if there is a non-propensity theory of admissibility that would allow introduction of the" Noticed Evidence, "Rule 403 considerations," which include undue prejudice and confusion of the jury, "outweigh any such theory and the evidence should be excluded."  (*Id.* at 4–7.)  "[A]t minimum," Hunt argues that the "first category of" the Noticed Evidence, "prior incidents of touching," should be excluded.  (*Id.*)  In response, the government argues that the Noticed Evidence is admissible under Rule 404(b), and its probative value is not substantially outweighed by any of the Rule 403 considerations.  Specifically, the government states that the Noticed Evidence demonstrates that Hunt "was engaging in contact with [Jane Doe's] buttocks and other parts of her body to aggravate her," which is "intertwined with his conduct and prove[s] both his intent in his actions, his knowledge of his conduct, [and] the motive he had to do so." (Doc. 40 at 3.)  Ultimately, neither party takes the day.

Under Rule 404(b), evidence of other wrongs or acts "may be admissible" to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  This evidence is admissible if at least one of these purposes is identified and the government demonstrates that "(1) the evidence

tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant actually committed the other act; and [if the evidence is admitted to prove intent,] (4) . . . the act is similar to the offense charged." *United States v. Lague*, 971 F.3d 1032, 1038 (9th Cir. 2020) (the "*Lague* factors"). "The government has the burden of proving that the evidence meets all of the above requirements." *Id.* (internal quotation marks omitted). When "evidence is only admissible under Rule 404(b) for . . . specific purposes," "there is a lessened risk of unfair prejudice." *United States v. Boudreau*, 2023 WL 4197169, at *3 (D. Mont. June 27, 2023) (citing *United States v. Halamek*, 5 F.4th 1081, 1089 (9th Cir. 2021)).

Under Rule 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Evidence is unfairly prejudicial if it has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Boudreau*, 154 F.4th 1132, 1143 (9th Cir. 2025) (internal quotation marks omitted). But, "Rule 403 does not require a trial court to scrub the trial clean of all evidence that may have an emotional impact." *United States v. Kennedy*, 643 F.3d 1251, 1257 (9th Cir. 2011) (internal quotation marks omitted).

8

Because the specific evidence that comprises the Noticed Evidence has not been provided in the record, neither its probative and prejudicial value nor the *Lague* factors can be fully evaluated at this stage. For example, whether the prior-touching evidence "is sufficient to support a finding that" Hunt "actually committed" this touching cannot be evaluated on this record. *Lague*, 971 F.3d at 1038. And remoteness in time, *id.*, cannot be evaluated as to the comments, text messages, and photographs that comprise the Noticed Evidence because the dates they were sent are not in the record. Additionally, Hunt acknowledges that "pretrial resolution" of the comments and text message evidence is "premature." (Doc. 36 at 5.) Consistently, a ruling of inadmissibility would be premature at this point. Accordingly, Hunt's motion to exclude is denied.

### CONCLUSION

Based on the foregoing, IT IS ORDERED that Hunt's motion to dismiss, (Doc. 33), and his motion to exclude, (Doc. 35), are DENIED.

DATED this 14th day of July, 2026.

Donald W. Molloy, District Judge
United States District Court